5869.    ARNOLD *v.* THE STATE.

RUSSELL, C. J. 1. Where a prosecution for seduction is suspended by marriage of the defendant to the female alleged to have been seduced, he can not be justified in abandoning his wife within the statutory period of five years merely because he entertains a suspicion that she has been unfaithful. To justify abandonment on the ground that the wife was unfaithful, the defendant must show, by either direct or circumstantial evidence, that she did in fact have illicit sexual intercourse. The quantum of evidence necessary to demonstrate whether the suspicion of the husband was well founded or groundless is for determination by the jury. It was not error for the court to instruct the jury that unless they were satisfied that the wife did commit an act of adultery, it was the duty of the defendant to live for five years with the female whom he had seduced and married, before the prosecution could be stopped, and that the State had the right to prosecute for the offense of seduction unless the jury were so satisfied of the adultery, and that if the jury believed he was originally guilty of seduction, it would be their duty to find him guilty.

2. The court did not err in admitting in evidence a letter which counsel for the defendant acknowledged had been written by the defendant and had been received by the addressee. The execution of the letter being admitted, it was relevant to one of the material issues under investigation, because in the letter the defendant stated his purpose to abandon his wife, and admitted, in effect, that no improper conduct of hers had

led to the separation. The reason given therein for the separation contradicted evidence introduced by the defendant on the trial.

3. The evidence fully warrants the conclusion that the female yielded to the defendant's solicitation during the existence of an engagement to marry, under the inducement of his persuasion and because of her affection for and confidence in him, and that the intercourse was not a mere meretricious transaction, induced by a promise of marriage alone.

4. The trial was free from error, and the trial judge did not err in refusing a new trial. 　　*Judgment affirmed. Roan, J., absent.*
DECIDED OCTOBER 20, 1914.

Indictment for seduction; from Walker superior court—Judge Wright. June 3, 1914.

*F. W. Copeland, J. E. Rosser, Paul D. Wright,* for plaintiff in error.

*W. H. Ennis, solicitor-general, Walter B. Shaw,* contra.